UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :

ELISHA MARK,                            :        10 Civ. 7578 (RJH)
                                    :

                Plaintiff,          :        :
                                    :    **MEMORANDUM OPINION**
        - against -            :          **AND ORDER**
                                    :

PARK AVENUE SYNAGOGUE,       :
                                    :

                Defendant.      :
                                    :
------------------------------------------------------------x

Richard J. Holwell, District Judge:

Plaintiff *pro se* Elisha Mark brings this suit under the Americans with Disabilities Act of 1990 ('"ADA"), 42 U.S.C. §§ 12112-12117, alleging that defendant Park Avenue Synagogue ("PAS") terminated his employment because of his disability. PAS moves to dismiss the action pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, PAS's motion is granted.

## BACKGROUND

Elisha Mark was employed as a building superintendent by PAS in Manhattan for twenty-six years. On October 19, 2004, Mark was carrying two cases of wine for a men's club event down the steps. Five steps from the bottom, Mark collapsed and fell down the steps, rupturing the quadriceps tendon in his left leg. Beryl Chernov, PAS's Executive Director, found Mark at the scene and called medical emergency personnel who transported Mark to Lenox Hill Hospital. Mark had surgery at that facility two days later on October 21, 2004. Mark returned to work on crutches the very next day.

On June 16, 2006, Chernov called Mark into his office and informed him that he was being terminated for poor performance.  Chernov gave Mark a "piece of paper to sign" and told Mark that if he signed the paper, he would receive six months' severance, but that if he did not sign the paper, he would receive nothing.   Mark contends that he was in fact terminated due to his disability, which he identifies as his ruptured left quadriceps tendon.

On August 16, 2010, Mark filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated due to his disability.  The EEOC issued a Right to Sue letter which Mark received on September 15, 2010.   On October 4, 2010, Mark filed the instant suit.  On November 5, 2010, PAS moved [3] to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

## STANDARD OF REVIEW

"Courts ruling on motions to dismiss must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Dickerson v. Mut. of Am.*, 703 F. Supp. 2d 283, 290 (S.D.N.Y. 2010).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts must "read[] such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, "pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 554 (S.D.N.Y. 2007). *See also Andino v. Fischer*, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010) ("While held to a less stringent standard, the *pro se* plaintiff is not relieved of pleading requirements, and failure to plead the basic elements of a cause of action may result in dismissal.").

## DISCUSSION

PAS makes two arguments why this case should be dismissed: (1) Mark's suit is time-barred because he failed to file a charge with the EEOC within 300 days of discriminatory act of which he complains; and (2) Mark released PAS from all claims under the ADA. Because the Court concludes that the claim is time-barred, the Court has no occasion to address the existence, scope, or enforceability of any release.

Under the ADA, the procedures for filing claims are governed by 42 U.S.C. § 2000e-5. *See* 42 U.S.C. § 12117(a). Under that section, claims "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). Thus the ADA "requires a claimant to file a charge of discrimination with the EEOC

within 180 days of the alleged discriminatory act, unless the 'person aggrieved has initially instituted proceedings with a State . . . agency with authority to grant or seek relief from such practice,' in which case the claimant has 300 days to file his charge with the EEOC." *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999) (quoting 42 U.S.C. § 2000e-5(e)(1)). "The [New York State Department of Human Rights ("NYSDHR")] has authority to remedy employment discrimination, rendering New York a so-called deferral state. . . ." *Id.* There is no indication that Mark ever filed any complaint with state authorities. However, because, by agreement, the EEOC is "designated as the NYSDHR's agent for purposes of receiving claimants' charges," the Court of Appeals has held that charges filed with the EEOC in New York are deemed to have been "initially" filed with NYSDHR under 42 U.S.C. § 2000e-5(e)(1) such that the 300-day limit applies. *See Tewksbury*, 192 F.3d at 327.

"In discriminatory discharge cases . . . the illegal act is often the decision to terminate the employee, and the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee." *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000). Mark alleges that he received notice of his termination on June 16, 2006. He did not file his EEOC charge until August 16, 2010, more than four years—and well more than 300 days—later.

It is true that "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). However, in order to benefit from equitable tolling, a plaintiff must have shown that he "'acted with reasonable diligence during the time period she seeks to have tolled," and "proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit*

*Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir. 2002)).   Mark has shown neither.  The only reason Mark advances to explain his delay is that he "never knew of [his] rights, until [he] went to a rehab center" where, on July 20, 2010, he "met someone who told [him] of [his] rights."  But "ignorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling."  *Ruiz v. Poole*, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008).  Accordingly, Mark's claim must be dismissed.

## CONCLUSION

For the forgoing reasons, PAS's motion [3] to dismiss is GRANTED.  The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: New York, New York
         August ___, 2011

                                        Richard J. Holwell
                                    United States District Judge

6